## PRESTON v. GROBEN.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

APPEAL—WEIGHT OF EVIDENCE.

In an action to set aside a deed for fraud, the finding of the referee in favor of the defendant will not be disturbed on appeal, though from a review of the evidence in the printed record the appellate court may doubt that plaintiff was fairly dealt with.

Appeal from judgment on report of referee.

Action by Sophia Preston against Philip Groben to set aside a deed
for fraud. From a judgment dismissing her complaint, plaintiff ap-
pealed. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

D. A. Silver, for appellant.

F. C. Laughlin, for respondent.

DWIGHT, P. J. The plaintiff and defendant entered into an agree-
ment for the purchase by the former from the latter of the stock and
good will of a news stand on Main street in the city of Buffalo at the
price of $1,000, to be secured to the defendant by a quitclaim deed from
the plaintiff of premises on Bailey avenue, in the same city, with a de-
feasance to be executed by the defendant, by virtue of which the plain-
tiff might, at any time within two years, redeem the property so con-
veyed by her upon payment of the full amount due to the defendant on
the purchase of the news business, and of whatever sums the defend-
ant should have paid out for taxes, assessments, and interest on a mort-
gage on the premises so conveyed to him. The evidence seems to show
that the Bailey avenue property really belonged to one Mrs. Kellaher,
a sister of the plaintiff, and had been put in the name of the plaintiff
as a measure of precaution in view of certain contingent liabilities which
had been assumed by Mrs. Kellaher; and that, while the plaintiff was
content to bear the responsibility of the transaction with the defendant,
Mrs. Kellaher conducted the negotiations, for the most part, as in her
own interest, with the consent of the plaintiff. This view of the relation
of Mrs. Kellaher to the property and the transaction in question, which
is well borne out by the evidence, and must have been adopted by the
referee, disposes of what is the principal exception taken by the plain-
tiff on the trial of the action. The defendant, in the testimony given
by him, relates conversations with and declarations by Mrs. Kellaher,
not in the presence of the plaintiff, which, though part of the res ges-
tæ, would not have been admissible in evidence against the plaintiff
but for the relation in which Mrs. Kellaher stood to the business in
hand. What remains of the case is substantially a question of fact.
The agreement above mentioned was carried out. The plaintiff exe-
cuted and delivered her quitclaim deed, and the defendant his defea-
sance and bill of sale, and the plaintiff, or Mrs. Kellaher, took posses-
sion of the news business. Later the plaintiff executed and delivered to
the defendant a second quitclaim deed without defeasance, cutting off
all the rights reserved to her in connection with the former deed It is
the theory and allegation of the complaint that this second quitclaim
deed was procured from the plaintiff by fraud, concealment, and deceit.
On the contrary, it is the theory of the defense that at the time of the
original transaction the defendant was assured that the Bailey avenue
property was free of incumbrance, except the mortgage above referred
to, and that upon such assurance the defendant accepted the deed as
security without a search; that soon afterwards he found that the prop-
erty was so incumbered by judgments in addition to the mortgage as
to render it insufficient security for the $1,000; that he called upon Mrs.

Kellaher and the plaintiff for further security, when they requested him to sell the property, in order to realize what could be gotten out of it to apply on the debt to him, and that to that end the plaintiff consented to give him an absolute deed of all her right, title, and interest in the property, which was done. The action was to set aside both the quitclaim deeds and the defeasance on the ground of a violation by defendant of the trust created by the original agreement, and of fraud in the procurement of the second deed. The two theories of the case are sustained, respectively, by the testimony of the parties; that of the defendant being corroborated by a memorandum in writing of a settlement subsequent to the transaction above mentioned between the defendant on the one hand and the plaintiff and Mrs. Kellaher on the other hand, signed by the plaintiff. The referee held the defendant's theory of the case to be established, and dismissed the plaintiff's complaint. A careful review of the testimony as it appears in print does not remove from our minds all suspicion that the plaintiff and her sister may have been overreached or unfairly dealt with in these transactions; but we recognize the superior opportunity of an astute and discriminating referee, who had the parties and the witnesses before him, to arrive at the truth, and we are by no means prepared to say that he has misapprehended the just weight of the testimony in the case. The conclusions of law were correctly based upon the findings of fact, and the judgment entered thereupon must be affirmed.

Judgment appealed from affirmed, with costs. All concur.